■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CASTRILLON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 16, 1975, convicting him of manslaughter in the first degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. Although defendant-appellant is correct in his argument that the postindictment lineup held in the absence of counsel was a violation of his rights, there having been no exigent circumstances to justify the holding of the lineup and the denial of a requested postponement (see *People v Blake,* 35 NY2d 331, 339-340), we find, in the light of the record as a whole, that this was not prejudicial error. The People did show by clear and convincing evidence that the in-court identification by the witness who identified defendant at the improper lineup had an independent source and was not tainted (see *Gilbert v California,* 388 US 263, 272; *People v Ballott,* 20 NY2d 600, 606). The other contentions raised by appellant have been considered and found to be without merit. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN E. DLUGASH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 23, 1975, convicting him of murder, upon a jury verdict, and imposing sentence. By order dated March 1, 1976, this court reversed the judgment, on the law, and dismissed the indictment. On May 12, 1977 the Court of Appeals modified the order of this court and remitted the case to this court for its review of the facts pursuant to CPL 470.15 (see CPL 470.25, subd 2, par [d]) and for further proceedings with respect to the sentence (see CPL 470.20, subd 4) should the facts be found favorably to the People *(People v Dlugash,* 41 NY2d 725, revg 51 AD2d 974). Judgment modified, on the law, by reducing the conviction to one for attempted murder. As so modified, judgment affirmed, and case remanded to the Criminal Term for resentencing (see CPL 470.20, subd 4). A review of the record indicates that while the trial evidence adduced was not sufficient to support defendant's guilt of the crime of murder, under the law as laid down by the Court of Appeals, it is sufficient beyond a reasonable doubt to establish his guilt of attempted murder. The contention that our modification of the verdict would be tantamount to depriving defendant of a jury trial may not now be given acceptance by this court since the same contention was urged by the defendant in his brief to the Court of Appeals and was clearly rejected by that court under the terms of its remand to this court. Martuscello, J. P., Shapiro, Titone and Hawkins, JJ., concur.