572 A.2d 1229

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Henry ELROD, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1989.

Filed March 7, 1990.

Reargument Denied May 2, 1990.

276

Leonard N. Sosnov, Philadelphia, for appellant.

Hugh Burns, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, MONTEMURO and POPOVICH, JJ.

CAVANAUGH, Judge:

This is an appeal from judgment of sentence entered by the Court of Common Pleas of Philadelphia County imposed on Information Nos. 3201–3205, January Session, 1988. Appellant was arrested on November 20, 1987 and charged in connection with an attack on a woman which occurred on the same day. At a bench trial on May 2, 1988, appellant was tried and found guilty of aggravated assault, simple assault, indecent assault, terroristic threats, recklessly endangering another and possessing instruments of crime. Post-verdict motions were denied and appellant was sentenced to ten to twenty years for aggravated assault, a consecutive term of two and one-half to five years for the weapons charges, and two consecutive terms of two years probation.

Appellant challenges his conviction for aggravated assault on the grounds that the evidence was insufficient. He also challenges his sentence relating to the aggravated assault conviction on the grounds the statute under which he was sentenced violates provisions in the U.S. and Pennsylvania Constitutions relating to cruel and unusual punishment, equal protection, and due process.

A brief review of the evidence presented at trial illustrates that the evidence was more than sufficient to sustain conviction on the charge of aggravated assault. The facts

presented showed that on November 27, 1989, Yvonne Rush was walking on Carlisle Street in Philadelphia when appellant grabbed her around the neck, pulled her head back, and put a knife to her throat. Appellant dragged the victim to a nearby vacant lot and ordered her to lie on the ground. He held the knife blade to her face, threatened to stab her in the eye, and punched her repeatedly in the face and body. He cut her hand with the knife as she tried to keep the blade away from her face. He then forced her behind a truck and began removing her clothes. He threatened to cut off her breast and to stab her in the vagina. He pushed up her blouse and bra, pulled down her pants, and was running the knife blade over her breasts and genitals when a passerby intervened. The passerby restrained appellant while the victim ran and phoned police. She was treated at the hospital for cuts and injuries to her hand and mouth, and was later hospitalized for depression.

Aggravated assault does not require proof that serious bodily injury was inflicted but only that an attempt was made to cause such injury. 18 Pa.C.S.A. section 2702(a)(1). Serious bodily injury is defined as "bodily injury which creates a substantial risk of death" or "which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. section 2301. Appellant concedes that an assault occurred but argues that the evidence does not suffice to support an inference that he intended to cause serious bodily injury.

Where sufficiency of the evidence is raised, all reasonable inferences arising from the evidence are drawn in favor of the verdict winner. *Commonwealth v. Carter*, 329 Pa.Super. 490, 478 A.2d 1286 (1984). An intent to cause serious bodily injury may be shown by the circumstances surrounding the incident. *Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978). The conduct giving rise to an inference that defendant intended to inflict serious bodily injury need not in itself be life-threatening. *Commonwealth v. Gregory*, 267 Pa.Super. 103, 406 A.2d 539 (1979)

("decoy" police officer punched and kicked by assailants but suffered little injury; sufficient for aggravated assault).

In *Commonwealth v. Kibe*, 258 Pa.Super. 353, 392 A.2d 831 (1978), evidence showing a rape attempt in a car in which the victim suffered a single punch in the nose before escaping was sufficient to prove aggravated assault. *Also, Commonwealth v. Russell*, 313 Pa.Super. 534, 460 A.2d 316 (1983) (where appellant entered the victim's house at night in an apparent rape attempt and choked the victim briefly before police arrived and stopped the attack, evidence was sufficient to show attempt to inflict serious bodily injury). As in *Russell* and *Kibe*, the instant case shows that a lone female was assaulted and sexually molested and the assailant's attack was interrupted.

Appellant argues that he had had ample opportunity before the five-to-seven minute attack was interrupted to stab the victim and the fact that he did not do so within that time indicates that he would not have carried out his verbal threats to cut off the victim's breasts, stab her in the eye, or stab her in the vagina.[1] He claims that an intent to inflict the serious injuries with which he threatened the victim cannot be inferred from those threats or from his act of running the knife blade over the victim's breasts or genitals.

We find it eminently reasonable for a trier of fact to have inferred that appellant did indeed intend to inflict at least some of the serious injuries with which he verbally threatened the victim. Appellant attempts to distinguish *Russell* and *Kibe* on the ground that the attack in the instant case went on for a longer period of time before being interrupted by intervention or escape. As the Commonwealth has aptly stated in its brief, the crucial factor is not how much time the attacker wastes in cruelly terrorizing his victim, but whether he was stopped short of the objective signalled by his words or conduct. *Compare, Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887

---

1. Any of these threatened injuries would constitute serious bodily injury. 18 Pa.C.S.A. Section 2301.

(1978) (defendant punched victim once, then walked away without being prevented from escalating his attack).

Defendant also argues that the trial court may have applied the wrong legal standard for intent, since the court discussed infliction of serious bodily injury by reckless conduct. However, the trial court also properly stated that an attempt to cause serious bodily injury is required for conviction. Moreover, the lower court will be affirmed where there is any proper basis for its decision. *Commonwealth v. Pacell*, 345 Pa.Super. 203, 497 A.2d 1375 (1985). Where, as here, the facts found by the court were more than sufficient to show intent to inflict serious bodily injury, the conviction will be sustained.

The second issue appellant presents for our review is whether aggravated assault is a lesser included offense of attempted murder, and if so, whether imposition of the maximum sentence of ten to twenty years for aggravated assault is unconstitutional because it is double the maximum sentence of five to ten years for attempted murder, purportedly the greater crime. Before we reach the merits of this issue, we must decide whether appellant's failure to raise the issue below constitutes a waiver of this claim.

A claim that a sentence is illegal because the sentencing court lacked the statutory authority to impose the sentence received is not deemed waived by failure to raise it before the sentencing court. *Commonwealth v. Smith*, 375 Pa.Super. 419, 544 A.2d 991 (1988) (*en banc*). Nor is a claim that the terms of sentence exceeded the statutory maximum, *e.g.*, *Commonwealth v. Britton*, 334 Pa.Super. 203, 482 A.2d 1294 (1984) (*en banc*), *appeal dismissed by* 509 Pa. 620, 506 A.2d 895 (1986). We do not, however, consider appellant's claim to be one which challenges the legality of the sentence imposed since the sentencing judge was legislatively authorized to impose the given sentence of ten to twenty years for aggravated assault. 18 Pa.C.S.A. section 1103(2).

In the past, the Supreme Court has found that a litigant who failed to assert below her claim that the terms of sentence were unconstitutional waived her right to pursue that claim on appeal. *Commonwealth v. Boone,* 467 Pa. 168, 354 A.2d 898 (1975). This court recently cited *Boone* for the proposition that even issues of constitutional dimension may be waived. *Commonwealth v. Krum,* 367 Pa.Super. 511, 533 A.2d 134 (1987). Appellant's failure to raise this claim until appeal will be deemed a waiver of this claim.

Judgment of sentence affirmed.

POPOVICH, J. concurs in the result.