**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Gerard Guy REPKO, Appellant.**

Superior Court of Pennsylvania.

Submitted July 22, 2002.

Filed Feb. 11, 2003.

Paul J. Levy, Jim Thorpe, for appellant.

Jean A. Engler, Assistant District Attorney, Jim Thorpe, for Com.

Before LALLY–GREEN, BENDER and CAVANAUGH, JJ.

CAVANAUGH, J.:

¶ 1 Gerard Guy Repko appeals from the judgment of sentence to serve an aggregate term of from 43 to 86 months imprisonment imposed after a jury found him guilty of multiple counts of aggravated assault, simple assault, terroristic threats and recklessly endangering another person (REAP). Appellant claims that the evidence was insufficient to support his convictions. After careful review, we affirm in part, reverse in part, and remand for resentencing.

¶ 2 The relevant facts, as gleaned from the record, show that in the late evening hours of November 26, 1999, appellant had an argument with, among others, Kathy Hiller (appellant's fiancee), George Hiller (appellant's fiancee's son) and Jason Murtha (Melissa Bench's boyfriend) while the group was drinking heavily and playing pool in a bar. Police were called and appellant was escorted out of the bar and driven home. The Hillers, Mr. Murtha and Ms. Bench went to the Hiller residence. The argument subsequently continued as Mr. Murtha and George Hiller exchanged insults and threats with appellant over the telephone.

¶ 3 After hanging up with appellant, George left the Hiller residence with the express intent to visit appellant to settle the matter. Ms. Hiller and Ms. Bench drove to appellant's home to try to defuse the situation. When they got there, George had not yet arrived. Appellant met the women's vehicle as it pulled into his driveway. He pointed a gun at Ms. Bench from a distance of 25 feet and told her to leave his property or he would shoot her in the head. Ms. Bench complied, walking away from the vehicle, down appellant's driveway to the road where she waited while Ms. Hiller and appellant continued to talk. Sometime thereafter, Ms. Bench came back down the driveway toward the car and appellant again pointed a gun at her and threatened to shoot. She again left.

¶ 4 Within a few minutes, George Hiller arrived at appellant's home. At that point, appellant was back inside his home and Kathy Hiller was outside. George began screaming at appellant from outside. George smashed the front picture window with a trash can. Appellant then fired a

round from his weapon through a smaller adjacent window "to scare off whoever was out there, whoever was coming at me." George was not deterred by the gunshot. He kicked appellant's door down and the two fought over the gun in appellant's hand. Kathy Hiller entered appellant's home and tried unsuccessfully to separate her son and fiancee. George eventually wrested the gun from appellant and gave appellant a stiff beating, closing his left eye and bloodying his nose.

¶ 5 Mr. Murtha arrived at the scene after the fight started. He was carrying a gun he had retrieved from George Hiller's vehicle. Although Mr. Murtha could hear the commotion coming from inside appellant's home, including George's shouts for Mr. Murtha to enter and help him subdue appellant, Mr. Murtha did not enter appellant's home, but stayed outside, under cover, with his weapon drawn.

¶ 6 Ms. Bench frantically left the scene and flagged down Officer Nicholas Kuzo of the Jim Thorpe police department. She led Officer Kuzo to the scene. When the officer arrived, Mr. Murtha and George were outside appellant's home with their weapons in hand.[1] They complied with Officer Kuzo's order to drop the guns. Appellant was inside with Kathy Hiller, loudly arguing. Appellant then briefly emerged, with Kathy Hiller in tow, one arm around her neck, the other carrying a shotgun.

¶ 7 Officer Kuzo announced himself as an officer and ordered appellant to drop his weapon. Appellant did not do so. Instead he raised the shotgun and pointed it at Officer Kuzo. Officer Kuzo repeated the command. Appellant did not comply but instead, released Ms. Hiller and went back

---

1. Hiller was holding the handgun he wrested from appellant. Murtha was holding the gun he took from Hiller's car.

inside his home carrying the gun. He later re-emerged without the gun and was taken into custody without a struggle.

¶ 8 Appellant was charged with numerous offenses arising from the incident and was tried by a jury for the following: aggravated assault against Officer Kuzo under two statutory subsections; 18 Pa. C.S.A. § 2702(a)(2) (attempt to cause serious bodily injury to a police officer) and 18 Pa.C.S.A. § 2702(a)(6) (attempt by physical menace to put a police officer in fear of imminent serious bodily injury); aggravated assault of Kathy and George Hiller and Melissa Bench under 18 Pa.C.S.A. § 2702(a)(4) (attempt to cause bodily injury to another with a deadly weapon) and multiple counts of simple assault, terroristic threats and REAP.

¶ 9 The jury found appellant not guilty of aggravated assault against Kathy and George Hiller and not guilty of aggravated assault against Officer Kuzo under subsection (a)(2). Appellant was convicted, however, of aggravated assault against Officer Kuzo under subsection (a)(6) and against Melissa Bench under subsection (a)(4). Appellant was also convicted, *inter alia,* of simple assault against George and Kathy Hiller under 18 Pa.C.S.A. § 2701(a)(1) (attempt to cause bodily injury).

¶ 10 Sentence was imposed on September 25, 2000, and on October 3, 2000, appellant filed timely post-sentence motions which were deemed denied by operation of law 120 days later, on or about January 3, 2001. Pa.R.Crim.P. 720(B)(3)(a) provides that:

When a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court, and shall forthwith furnish a copy of the order by mail or personal delivery to the attorney for the Commonwealth, the defendant(s), and defense counsel that the post-sentence motion is deemed denied. This order is not subject to reconsideration.

¶ 11 The docket fails to reflect that the clerk of courts entered the requisite order or furnished appellant with a copy thereof. On March 8, 2001, appellant filed a notice of appeal.[2]

¶ 12 On April 19, 2002, the trial court filed an opinion *sur* appeal in which it concluded, *inter alia,* that the evidence was insufficient to sustain appellant's convictions of aggravated assault against Melissa Bench and simple assault against George and Kathy Hiller.

¶ 13 Appellant raises three issues on appeal:

1. Whether the Commonwealth failed to present sufficient evidence to support the requisite intent for aggravated assault "attempt by physical menace." (18 Pa.C.S.A. 2702(a)(6))

2. Whether the Commonwealth failed to establish sufficient evidence to prove the Appellant attempted to cause serious [sic] bodily injuries as required for the aggravated assault offense charged. (18 Pa.C.S.A. 2702(a)(4))

3. Whether the Commonwealth failed to establish Appellant caused or intend-

---

2. The notice of appeal was untimely filed from the date that the motions were denied by operation of law. However, this Court has previously held that a clerk of courts' failure to enter an order stating that a post-sentence motion has been denied under Pa.R.Crim.P. 720(B)(3)(c) and to furnish the parties with a copy of same constitutes a breakdown in the court system. *Commonwealth v. Braykovich,*

444 Pa.Super. 397, 664 A.2d 133, 138 (1995). The breakdown in the court system occasioned by the failure of the Carbon County clerk of courts' failure to give proper notice in the instant matter, excuses the otherwise untimely filing of the present appeal and, accordingly, we will review appellant's claims. *Id.*

ed to cause bodily injury to the listed victims for the simple assault offenses charged. (18 Pa.C.S.A. 2701(a)(1))

¶ 14 Our standard of review upon a challenge to the sufficiency of the evidence is well-settled:

> "The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Heberling*, 451 Pa.Super. 119, 678 A.2d 794, 795 (Pa.Super.1996) (citing *Commonwealth v. Williams*, 539 Pa. 61, 650 A.2d 420 (1994)). In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. *Commonwealth v. Cassidy*, 447 Pa.Super. 192, 668 A.2d 1143, 1144 (Pa.Super.1995) (citations omitted). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Valette*, 531 Pa. 384, 388, 613 A.2d 548, 549 (1992) (citations and quotation marks omitted).

*Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa.Super.2001) (quoting *Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa.Super.2000)) (quoting *Commonwealth v. Vetrini*, 734 A.2d 404, 406–407 (Pa.Super.1999)).

¶ 15 Appellant first alleges that the evidence was insufficient to establish that he attempted by physical menace to place Officer Kuzo in fear of imminent serious bodily injury under 18 Pa.C.S.A. § 2702(a)(6). Appellant specifically claims that he did not know Officer Kuzo was a police officer or that he intended to place Officer Kuzo in fear. The gravamen of appellant's argument is that when appellant first emerged from his home after Officer Kuzo's arrival, due to poor lighting and distance, appellant did not realize that Officer Kuzo was a policeman and that the shotgun appellant held was unloaded and appellant did not directly point it at the officer in any event.

¶ 16 18 Pa.C.S.A. § 2702(a)(6) provides as follows:

(a) Offense defined.—A person is guilty of aggravated assault if he:

(6) attempts by physical menace to put [a police officer] while in the performance of duty, in fear of imminent serious bodily injury.

18 Pa.C.S.A. § 2702(a)(6).

¶ 17 At trial, Officer Kuzo testified that he was in a marked patrol vehicle and in full uniform when he arrived at the scene. After confiscating the guns from Mr. Murtha and Mr. Hiller, he saw appellant emerge from his home with one arm locked around Kathy Hiller's head and carrying a shotgun in the other. Officer Kuzo testified that:

> ... I again yelled, Police officer, drop your gun and let Ms. Hiller go.

Q. And how far were you from the defendant at this time?

A. 20 to 25 feet.

Q. And how would you describe the lighting conditions at this point?

A. There was sort of a street light on a—I don't know. I think it was on a tree. I'm not quite sure if it was on a tree or a pole. And also the headlights from my vehicle were shining right in the general area.

Q. Okay. And at that point, when you yelled to Mr. Repko, who had Ms. Hiller also in his hand, that you were a police officer, what did he do?

A. He brought the shotgun around and pointed it directly at me.

. . . .

Q. how did you feel? What were you thinking?

A. I felt my life was in jeopardy. As of today, the Borough still did not issue me a bulletproof vest. I was very scared.

■ ¶ 18 Our first inquiry is whether the pointing of a gun at Officer Kuzo constituted aggravated assault by physical menace. While our research has revealed no decisional precedent construing section 2702(a)(6), this court has previously held that the pointing of a gun at a person constitutes simple assault by physical menace to put another in fear of imminent serious bodily injury under section 2701(a)(3).[3] *See Commonwealth v. Little*, 418 Pa.Super. 558, 614 A.2d 1146, 1148 (1992) (evidence sufficient to establish simple assault by physical menace to put another in fear of imminent serious bodily injury where appellant erratically emerged from home carrying a shotgun, shouting,

and advancing from her porch); *In re Maloney*, 431 Pa.Super. 321, 636 A.2d 671, 675 (1994) (evidence sufficient to establish simple assault by physical menace to put another in fear of imminent serious bodily injury where a driver pointed gun at another driver and said "Get the f* * * out of here"). In *Commonwealth v. Little, supra*, this court formally adopted the trial court's analysis regarding sufficiency of the evidence to prove simple assault by physical menace. The elements which must be proven are intentionally placing another in fear of imminent serious bodily injury through the use of menacing or frightening activity. *Id.* at 1151–1155. Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances. *Id.* at 1154.

■ ¶ 19 The salient difference between the simple assault by physical menace subsection and the aggravated assault by physical menace subsection is the occupation of the victim; the aggravated assault subsection requires that the victim be one of 27 enumerated "officers, agents, or employees," while the simple assault subsection requires that the victim merely be another person. *Compare* 18 Pa.C.S.A. § 2701(a)(3); 18 Pa.C.S.A. § 2702(a)(6).

¶ 20 Here, the evidence showed that the scene was illuminated by a light from a pole, that Officer Kuzo was in full uniform, that his marked police cruiser's headlights illuminated the area and that he loudly announced himself as a police officer and ordered appellant to drop his weapon. In response, appellant said nothing but immediately raised his weapon and pointed it directly at the officer. We conclude that

---

**3.** Section 2701(a)(3) provides:

(a) Offense defined.—A person is guilty of assault if he:

. . . .

(3) attempts by physical menace to put another in fear of imminent serious bodily injury.

appellant's intent to place Officer Kuzo in fear of serious bodily injury through the use of menacing or frightening activity was properly shown. We fail to see how appellant could not have known that Officer Kuzo was a police officer under the circumstances. Further, we conclude that the evidence supported a finding that appellant intended to place the officer in fear of serious bodily injury through the use of menacing activity when appellant raised his shotgun and pointed it at the officer. Indeed, there was no evidence in the record that appellant had any lawful intention when he raised his weapon in response to the officer's directive to drop it. The evidence was sufficient for the jury to conclude that all the elements of aggravated assault under section 2702(a)(6) were proven beyond a reasonable doubt and we affirm appellant's conviction for aggravated assault against Officer Kuzo.

■ ¶ 21 Appellant next argues that his conviction of aggravated assault against Melissa Bench under section 2702(a)(4) was based on insufficient evidence. Section 2702(a)(4) provides as follows:

(a) Offense defined.—A person is guilty of aggravated assault if he:

. . . .

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

18 Pa.C.S.A. § 2702(a)(4).

¶ 22 Instantly, appellant did not fire his weapon at Ms. Bench and Ms. Bench clearly did not sustain any bodily injury. Thus, in order for appellant to be convicted under section 2702(a)(4), the Commonwealth was required to prove that appellant attempted to intentionally cause bodily injury to Ms. Bench with his weapon by taking

a substantial step toward that end.[4] This court has previously held:

[I]t would appear that the mere act of pointing a gun at another person is not sufficient to support a conviction for aggravated assault [under section 2702(a)(4)]. Something more is required in order to establish a specific intent to cause injury to that person at whom the gun is being pointed.

*Commonwealth v. Sanders*, 426 Pa.Super. 362, 627 A.2d 183, 187 (1993). In *Sanders, id.*, and *Commonwealth v. Lopez*, 439 Pa.Super. 625, 654 A.2d 1150 (1995), this court found that the evidence was sufficient to sustain an aggravated assault conviction under subsection (a)(4) because the accused took additional action beyond pointing a gun and issuing threats. In *Sanders*, the accused not only pointed the gun and threatened the victim but also got into a physical altercation with the victim and a struggle over control of the weapon. *Sanders, supra*, 627 A.2d at 186. In *Lopez*, the accused actually fired the weapon eight times into the door of the intended victim's home. *Lopez, supra*, 654 A.2d at 1152.

¶ 23 Here the trial court, in its Rule 1925(a) opinion, suggested that appellant's conviction for aggravated assault against Melissa Bench should be reversed by this court because the evidence did not show that appellant took a substantial step toward intentionally causing her bodily injury beyond the pointing of the gun and issuing verbal threats to shoot. We agree with the trial court's analysis which was set forth as follows:

Bench's testimony was not sufficient to convict Repko of aggravated assault. *In Commonwealth v. Chance*, 312 Pa.Super. 435, 458 A.2d 1371 (1983), the Court held that a defendant's action of pointing

---

4. The statutory elements of criminal attempt are (1) an intent to commit a specific crime

and (2) a substantial step toward the commission of that crime. 18 Pa.C.S.A. § 901.

a gun at his victim, together with the evidence that the victim heard the gun click several times while he was struggling with the defendant, was sufficient to sustain a conviction of aggravated assault under 18 Pa.C.S. § 2702(a)(4). But in *Commonwealth v. Mayo*, 414 A.2d 696 (Pa.Super.1979), evidence that the defendant wielding a butcher knife threatened the victim and lightly scratched her chest with the knife was not sufficient to establish either that bodily injury had been inflicted or that defendant had attempted to cause bodily injury with the knife, since defendant had failed to pursue an obvious opportunity to inflict considerable pain or injury to the victim.

Our analysis leads us to conclude that the factual scenario presented in the record before us is clearly more akin to the facts in *Mayo* than those presented in *Chance*. There is no evidence that Repko attempted to fire his weapon. Although he apparently had ample opportunity to shoot Bench, since she was in a well-lit area and at a distance of only some 25 feet, he did not. Repko's verbal and physical actions emphatically indicated an intent to frighten and scare Bench away from his home (which was successful) rather than an attempt to inflict serious [sic] bodily injury upon her. His act of pointing the weapon at Bench, accompanied by threats to kill her, was sufficient to convict him of the crime of simple assault under Section 2701(a)(3), but it clearly did not rise to the level required for a conviction for aggravated assault under Section 2702(a)(4). See also, *Commonwealth v. Sanders*, 426 Pa.Super. 362, 627 A.2d 183 (1993).

¶ 24 While appellant's conduct in twice pointing a handgun at Ms. Bench and threatening to shoot her was clearly criminal, we cannot conclude that it rose to the level of aggravated assault with a deadly weapon. Thus, we vacate the judgment of sentence for appellant's conviction of aggravated assault against Ms. Bench under section 2702(a)(4) on the basis of evidentiary insufficiency.

¶ 25 We turn now to appellant's final claim regarding the sufficiency of the evidence to support his convictions of simple assault against Kathy and George Hiller under 18 Pa.C.S.A. § 2701(a)(1) which provides that:

(a) Offense defined.—A person is guilty of assault if he:

(1) attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]

*See Commonwealth v. Richardson*, 431 Pa.Super. 496, 636 A.2d 1195, 1196 (1994) (the Commonwealth's burden for simple assault is to show appellant attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another). "Bodily injury" is defined as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. The Commonwealth need not establish that the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. *Richardson*, 636 A.2d at 1196. A person commits criminal attempt when he intentionally does any act which constitutes a substantial step toward commission of a specific crime. 18 Pa.C.S.A. § 901(a). The intent for attempt may be shown by circumstances which reasonably suggest that a defendant intended to cause injury. *Id.* However, that intent may not be inferred from the act of pointing a gun alone. *In re Maloney*, 636 A.2d at 674.

¶ 26 The trial court addressed this issue as follows:

. . .[I]t is clear that the testimony f[ell] far short of that required to sustain a

finding of guilt. Since neither Kathleen Hiller nor George Hiller sustained an actual injury, [appellant] could not have been convicted of violating Section 2701(a)(1) absent proof beyond a reasonable doubt of specific intent to cause such an injury. The case law is clear that this intent may not be inferred from the mere act of pointing a gun at another person. . . .

The evidence would have been more than sufficient in this case to support a conviction under Section 2701(a)(3), "attempt[ing] by physical menace to put another in fear of imminent serious bodily injury." However, [appellant] was charged under (a)(1) and not (a)(3); therefore, his conviction under the former subsection cannot stand.

■ ¶ 27 We are constrained to disagree with the trial court's analysis with respect to appellant's simple assault conviction against Kathy Hiller. Our review of the record reflects that appellant held her in a headlock while he was carrying a shotgun. Ms. Hiller testified at trial for the Commonwealth that appellant never had the gun pointed at her. Nonetheless, viewing the evidence in the light most favorable to the Commonwealth, including Ms. Bench's testimony that appellant was, in fact, pointing the gun at Ms. Hiller, and Officer Kuzo's testimony that Ms. Hiller was struggling to free herself from appellant's headlock, we conclude that the evidence was sufficient to support appellant's conviction under section 2701(a)(1). By holding Kathy Hiller in a headlock with one arm and holding a shotgun in his other when exiting his residence, appellant took action that constituted a substantial or significant step toward perpetrating a bodily injury upon Kathy Hiller. The requisite intent element could have been reasonably inferred from the surrounding circumstances, including the fact that appellant

had been arguing with Kathy Hiller immediately preceding application of the headlock about her perceived tendency to always side with George whenever appellant and George argued. We find that the evidence was sufficient for the jury to conclude that all the elements of simple assault under subsection (a)(1) were proven beyond a reasonable doubt and, accordingly we affirm appellant's conviction of simple assault against Kathy Hiller.

■ ¶ 28 Turning now to appellant's conviction of simple assault against George Hiller, we agree with the trial court's conclusion that the evidence was insufficient to support the conviction under the subsection with which appellant was charged. First, our review of the record reflects that George Hiller was the aggressor in the confrontation. George kicked appellant's door open, saw appellant with a gun in his hand and attacked him. There was no direct evidence that appellant actually pointed the gun at George at any time prior to or during the altercation.

¶ 29 We conclude that the evidence was insufficient to prove simple assault under section 2701(a)(1). By fighting with George, appellant may have engaged in actions which might perhaps be viewed as simple assault through mutual consent, a third degree misdemeanor. 18 Pa.C.S.A. § 2701(b). However, appellant was not charged with a fight or scuffle entered into by mutual consent. Id. Neither was appellant charged, as the trial court aptly noted, with simple assault by physical menace under 18 Pa.C.S.A. § 2701(a)(3). Rather, appellant was charged with the attempt to cause bodily injury under subsection (a)(1), which required proof beyond a reasonable doubt of specific intent and a substantial step towards commission of the offense. Here, the evidence showed that George forcefully entered appellant's home, knocked him down and beat him up. After

careful review, we conclude that the evidence was insufficient to convict appellant of the simple assault of George Hiller under 18 Pa.C.S.A. § 2701(a)(1). Accordingly we reverse the judgment of sentence for that conviction.

¶ 30 In summary, we affirm appellant's conviction of aggravated assault against Officer Kuzo. We reverse appellant's conviction for aggravated assault against Melissa Bench. We affirm appellant's conviction for simple assault against Kathy Hiller. We reverse appellant's conviction for simple assault against George Hiller.

¶ 31 The judgment of sentence is affirmed in part and reversed in part. The case is remanded for resentencing. Jurisdiction is relinquished.

¶ 32 Judge LALLY–GREEN files a concurring and dissenting opinion.

LALLY–GREEN, J., Concurring and Dissenting:

¶ 1 I agree with the majority's disposition affirming Appellant's conviction of aggravated assault against Officer Kuzo under 18 Pa.C.S.A. § 2702(a)(6). I also agree with the majority's disposition reversing Appellant's conviction of simple assault against George Hiller under 18 Pa. C.S.A. § 2701(a)(1) and affirming Appellant's conviction of simple assault against Kathy Hiller under 18 Pa.C.S.A. § 2701(a)(1).

¶ 2 I dissent, however, to the majority's conclusion that the evidence presented at trial was insufficient for the jury to conclude that all of the elements of aggravated assault under 18 Pa.C.S.A. § 2702(a)(4) were proven beyond a reasonable doubt with respect to Appellant's actions against Melissa Bench.

¶ 3 The focus of inquiry in Appellant's case is whether, under the circumstances,

Appellant took a substantial step and demonstrated an intent to inflict bodily injury for purposes of § 2702(a)(4). Appellant's words and conduct are to be examined to determine whether the requisite intent existed under § 2702(a)(4). *See, e.g., Commonwealth v. Sanders,* 426 Pa.Super. 362, 627 A.2d 183 (1993), *appeal denied,* 535 Pa. 657, 634 A.2d 220 (1993).

¶ 4 Review of the record reflects the following. Melissa Bench testified that she accompanied Appellant's girlfriend to Appellant's home on the night in question. N.T., 8/9–10/00, at 16–18. Bench testified that when she arrived, Appellant pointed a gun at her and told her that he would shoot her in the head if she did not get off his property. *Id.* at 18, 634 A.2d 220. Bench told Appellant that was fine as she did not want to go on his property. *Id.* She then walked to the road. *Id.* Bench was 20–25 feet away from Appellant when he pointed the gun at her. *Id.* at 19, 634 A.2d 220. Bench stated that Appellant spoke to her in a threatening manner. N.T., 8/9–10/00, at 20. Bench testified that she was scared when Appellant threatened her. *Id.* Bench further testified that when she came back to get into the car, Appellant again pointed the gun at her and told her he was going to shoot her in the head and that she was nothing but a "bitch." N.T., 8/9–10/00, at 23.

¶ 5 Viewing the evidence in the light most favorable to the Commonwealth, I would conclude that sufficient evidence existed to support Appellant's conviction under § 2702(a)(4). By threatening and pointing a gun at Melissa Bench from a distance of 25 feet, Appellant's words and conduct represented an intentional action which constituted a substantial or significant step toward perpetrating bodily injury with a deadly weapon upon Bench. *Sanders.* I would affirm Appellant's con-

viction of aggravated assault of Melissa Bench.

¶6 On the basis of the foregoing, I respectfully dissent.