## Commonwealth v. Bangert

*Nathan L. Boob,* for Commonwealth.
*Joseph L. Amendola,* for defendant.

RUEST, *J.,* November 13, 2009—Presently before the court is defendant Michael S. Bangert's omnibus pretrial motion filed on June 11, 2009. A hearing was held on September 28, 2009 to argue the following three issues raised in the omnibus: (I) defendant's motions to

suppress evidence and the chemical and blood test; (II) defendant's petition for writ of habeas corpus; and (III) defendant's motion in limine. Both parties submitted briefs. After consideration of the arguments at the hearing and after review of the briefs, the court determines defendant's omnibus pretrial motions, petition for writ of habeas corpus, and motion in limine are denied.

## I. PROCEDURAL HISTORY

The defendant was charged by Sgt. Ryan L. Hendrick of the Ferguson Township Police Department by summons dated November 24, 2008, with driving under the influence of alcohol (75 Pa.C.S. §3812(a)(1) and (c)) stemming from an incident which occurred on November 21, 2008 at approximately 10:58 p.m. at the top of Pine Grove Mountain in Ferguson Township, Centre County, Pennsylvania. On February 25, 2009, a preliminary hearing was held on these charges before District Judge Carmine Prestia Jr. and defendant was bound over to the Centre County Court of Common Pleas on all charges. On March 26, 2009, defendant waived his arraignment, and thereafter timely filed an omnibus pretrial motion which was heard by this court on September 28, 2009.

## II. FINDINGS OF FACT

(1) On November 21, 2008 at approximately 10:58 p.m., Sgt. Ryan Hendrick, of the Ferguson Township Police Department, saw a vehicle stationary with the engine running in the pull-off area approximately five feet off of a two-lane highway at the top of Pine Grove Mountain. The vehicle was pointed towards the highway

and facing the direction of defendant's home address, the Huntingdon County side of Pine Grove Mountain.

(2) The pull-off area where defendant's vehicle was located is connected to a highway and accessible to the public. The area is routinely used by public motorists who pull off to view the valley below, park and carpool, and who experience vehicle trouble. The area is also maintained by state road work crews who repair the pull-off, clear it of snow, and ensure that the public can access the area at all times.

(3) Sgt. Hendrick approached the vehicle and found defendant slumped over the steering wheel with the vehicle running, the headlights on, and the car in park.

(4) In an effort to determine defendant's safety, Sgt. Hendrick attempted to wake the defendant by pounding on the window.

(5) Unable to wake defendant, Sgt. Hendrick opened the door and shook him. At that point, he noticed a strong odor of alcohol coming from defendant.

(6) After defendant awoke, he attempted to grab the gear shift and place the vehicle in drive. Sgt. Hendrick intervened and pulled the keys from the ignition.

(7) Sgt. Hendrick was able to determine the defendant was Michael S. Bangert but could not obtain a statement from him because he was too intoxicated.

(8) The defendant was taken to Mount Nittany Medical Center where he voluntarily provided a blood sample which indicated a .244 percent blood-alcohol level at 11:39 p.m. on November 21, 2008.

## III. CONCLUSIONS OF LAW

(1) An individual is considered to be driving, operating, or in physical control of a vehicle while under the influence of alcohol if after consuming alcohol the individual is "rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. §3802(a).

(2) "The term 'operate' requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." *Commonwealth v. Brotherson,* 888 A.2d 901, 904 (Pa. Super. 2005), citing *Commonwealth v. Johnson,* 833 A.2d 260 (Pa. Super. 2003).

(3) A combination of factors should be considered in determining whether a person had "actual physical control" of a vehicle: whether the motor was running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle. *Commonwealth v. Woodruff,* 447 Pa. Super. 222, 227, 668 A.2d 1158, 1161 (1995).

(4) A determination of actual physical control is based upon the totality of the circumstances. *Commonwealth v. Johnson, supra* at 263; see also, *Commonwealth v. Crum,* 362 Pa. Super. 110, 523 A.2d 799 (1987) (finding actual physical control when defendant was found sleeping in his parked car, along the side of the road, with the headlights on and motor running); *Commonwealth v. Brotherson, supra* (finding actual physical control when defendant was found sleeping in his parked car, with the engine running, on the basketball court of a gated chil-

dren's playground with an open bottle of malt liquor in the car).

(5) 75 Pa.C.S. §3101(b) provides, in part, that driving, operating or being in actual physical control of a vehicle after consuming alcohol applies to highways and trafficways throughout the Commonwealth. A "trafficway" is defined as "the entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom."

(6) A berm of the road constitutes a "trafficway" for purposes of 75 Pa.C.S. §3101(b). See *Commonwealth v. Yaninas,* 722 A.2d 187 (Pa. Super. 1998).

(7) The Commonwealth must establish a prima facie case "which sufficiently establishes that a crime has been committed and that the accused is *probably* the perpetrator of the crime." *Commonwealth v. Lopez,* 439 Pa. Super. 625, 631, 654 A.2d 1150, 1153 (1995). (emphasis added)

(8) 75 Pa.C.S. §3802(g) states, "evidence of such alcohol or controlled substance concentration more than two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle is sufficient to establish that element of the offense under the following circumstances . . . ."

## IV. DISCUSSION

### A. *Motion To Suppress Evidence*

Defendant alleges that Sgt. Hendrick lacked probable cause to arrest defendant for driving under the influence

of alcohol because he had an insufficient legal basis to conclude that defendant had driven, operated or been in actual physical control of the movement of a vehicle on a roadway or trafficway in the Commonwealth at the time when he was under the influence of alcohol. As a result, defendant argues that all evidence seized from him should be suppressed. The Commonwealth argues that when Sgt. Hendrick arrested the defendant, Mr. Bangert was in actual physical control of the movement of the vehicle in the pull-off area of Pine Grove Mountain, an area that constitutes a trafficway under Pennsylvania law.

A determination of actual physical control is based upon the totality of the circumstances. *Commonwealth v. Johnson,* 833 A.2d 260, 263 (Pa. Super. 2003). A vehicle need not be in motion in order to find that it was "operated." *Commonwealth v. Brotherson,* 888 A.2d 901, 904, citing *Commonwealth v. Johnson, supra.* In the majority of cases, the location of the vehicle, which supports an inference that it was driven, is a key factor in a finding of actual control. See *Commonwealth v. Brotherson, supra* at 905 (finding actual physical control when defendant was found sleeping in his parked car, with the engine running, on the basketball court of a gated children's playground with an open bottle of malt liquor in the car); see also, *Commonwealth v. Crum,* 362 Pa. Super. 110, 523 A.2d 799 (1987) (finding actual physical control when defendant was found sleeping in his parked car, along the side of the road, with the headlights on and motor running). In the present case, defendant was found asleep in the pull-off area, slumped over the wheel of his

parked car which had its headlights on and motor running. Based on these facts, the court determines, based on the totality of the circumstances, defendant was in actual physical control of the vehicle at the time of his arrest.

In order to commit a DUI offense, a defendant's vehicle must be located on a highway or trafficway. A trafficway must be open to the public for purposes of vehicular travel as a matter of right or custom. 75 Pa.C.S. §3101(b); see also, *Commonwealth v. Baughman,* 357 Pa. Super. 535, 516 A.2d 390 (1986) (finding that a one-lane dirt road on private property which dead-ended, but was open to the public and occasionally used for vehicular traffic with no signs and barriers prohibiting access was a trafficway); *Commonwealth v. Karenbauer,* 393 Pa. Super. 491, 574 A.2d 716 (1990) (finding that an access alley was a trafficway). The scenic pull-off was publicly accessible, state maintained, and routinely used by motorists who pull off to view the valley below, park and carpool, and who experience vehicle trouble. Therefore, like parking lots and alleyways, the scenic pull-off constitutes a trafficway.

Defendant argues that the pull-off area at the top of Pine Grove Mountain is analogous to finding an individual in a vehicle in a parked position on the berm of a road and therefore does not qualify since "roadway" specifically excludes the sidewalk, berm or shoulder. 75 Pa.C.S. §102. According to 75 Pa.C.S. §3101, the DUI provision applies upon "highways and trafficways throughout this Commonwealth." The term "roadway"

is not mentioned. Even if the scenic pull-off constitutes a "berm," it still falls under the statute. In *Commonwealth v. Yaninas,* 722 A.2d 187 (Pa. Super. 1998), the court concluded that the defendant was in actual physical control of his car when found slumped over the wheel, with the engine running and the parking lights on, on the berm of a state road. Our courts have held that a berm meets the criteria of a trafficway and that the facts presented meet the criteria of 75 Pa.C.S. §3101. This court finds that even if the pull-off was a berm, it would fall under the criteria of the DUI statute.

## B. *Motion To Suppress Chemical and Blood Test*

Defendant argues that since Sgt. Hendrick lacked sufficient probable cause to arrest him for driving under the influence of alcohol based upon the lack of evidence indicating that the defendant had driven, operated, or had actual physical control of the movement of a vehicle on a highway or trafficway while under the influence of alcohol, the results of the blood test taken by the defendant at Mount Nittany Medical Center on November 21, 2008 must be suppressed. However, as discussed in section IV.A. above, defendant was in actual physical control of the movement of a vehicle on a trafficway at the time that Sgt. Hendrick arrested him. Sgt. Hendrick properly arrested the defendant for having actual physical control of the movement of the vehicle on a trafficway while under the influence of alcohol. Therefore, the court determines that the results of the blood test are admissible.

## C. *Petition for Writ of Habeas Corpus*

Defendant argues that the Commonwealth failed to establish a prima facie case at his preliminary hearing in regard to the charges of driving under the influence under 75 Pa.C.S. §§3802(a)(1) and (c) for two reasons: (1) it failed to establish that defendant drove, operated, or was in actual physical control of the movement of a vehicle on a highway or trafficway after consuming a sufficient amount of alcohol such that he was rendered incapable of safely being in actual physical control of the movement of the vehicle and (2) it failed to establish that defendant was in actual physical control of movement of the vehicle after consuming enough alcohol so that the alcohol concentration in his blood or breath was .16 percent or higher within two hours after he had been in actual physical control of movement of his vehicle.

The Commonwealth must provide evidence for a prima facie case "which sufficiently establishes that a crime has been committed and that the accused is *probably* the perpetrator of the crime." *Commonwealth v. Lopez,* 439 Pa. Super. 625, 631, 654 A.2d 1150, 1153 (1995). (emphasis added) The Commonwealth has met its burden of establishing a prima facie case. As discussed in section IV.A. of this opinion, the facts establish that defendant was in actual physical control of the movement of the vehicle on a trafficway after consuming a sufficient amount of alcohol such that he was incapable of safely being in actual physical control. Since the pull-off constitutes a trafficway and the circumstances suggest that defendant was in actual physical control of the vehicle,

the Commonwealth has met its burden in establishing a prima facie case.

### D. *Motion in Limine*

75 Pa.C.S. §3802(g) states, "evidence of such alcohol or controlled substance concentration more than two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle is sufficient to establish that element of the offense under the following circumstances . . . ." Defendant asserts in his motion that the Commonwealth has failed to meet its burden establishing when, if ever, defendant drove, operated or was in actual physical control of the movement of a vehicle. Defendant also asserts that the Commonwealth cannot establish good cause explaining why the chemical test conducted could not have been obtained within two hours since they cannot establish when the defendant drove, operated, or was in actual physical control of the vehicle.

After having reviewed the party's arguments, this court finds that the issue of whether the Commonwealth can prove defendant was in physical control of his vehicle within two hours of the blood test being administered is an issue of fact which the fact-finder must determine. Pennsylvania Standard Jury Instruction 17.3802(a)(2), paragraphs three and five of the DUI charge, specifically instruct the jury on how it is to determine whether or not the Commonwealth has met its burden in proving defendant was in physical control of the vehicle within two hours of the blood test being administered. As such, defendant's motion in limine seeking to bar evidence

resulting from defendant's blood test from being admitted into evidence based on the "two-hour rule" is properly denied. Such a determination is strictly the province of the fact-finder.

Accordingly, the following is entered:

## ORDER

And now, November 13, 2009, the following is the order of this court:

(1) Defendant's motion to suppress evidence is denied.

(2) Defendant's motion to suppress chemical and blood test is denied.

(3) Defendant's petition for writ of habeas corpus is denied.

(4) Defendant's motion in limine is denied.