J-S52019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWIN ROY SHOWALTER | |
| Appellant | No. 1805 MDA 2016 |

Appeal from the Judgment of Sentence September 1, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0003661-2015

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 29, 2017**

Edwin Showalter appeals from the judgment of sentence, entered in the Court of Common Pleas of York County, following his conviction by a jury of two counts of simple assault by physical menace,[1] and his conviction by the court of the summary offense of disorderly conduct.[2]  After our review, we affirm.

On April 19, 2015, Showalter entered Harbor Freight in York County to return an item he had purchased.  A dispute arose as to the amount of the

_____

[1] 18 Pa.C.S. § 2701(a)(3) ("A person is guilty of assault if he: . . . (3) attempts by physical menace to put another in fear of imminent serious bodily injury[.]").

[2] 18 Pa.C.S. § 5503(a)(4) ("A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.").

refund. Stephany Nicholson, a cashier at the store, testified that Showalter then left the store, but he returned shortly after that dispute to make a purchase. This time, however, Showalter was shouting, and Nicholson noticed he was agitated and invading her "personal space." N.T. Jury Trial, 7/12/16, at 93. Showalter left the store again, and returned a third time, just before closing time. Nicholson testified that Showalter was "trying to come behind the registers with his fists balled and made [the employees] feel threatened[.]" *Id*. at 83-84. Nicholson testified Showalter was acting combative, and this time he lifted his shirt and exposed a handgun, which was tucked inside his waistband. Another store clerk, Elizabeth Spells, testified that at the time Showalter lifted up his shirt he said something to the effect of, "[T]this is what I can do to you." *Id.* at 94. Showalter then left the store.

A customer, Rick Becker, asked Showalter if he had just shown the store clerks a gun, to which Showalter replied, "I was just trying to scare them." *Id.* at 95. Showalter then left in his car, but not before Becker took down the license plate number and called the police.

Officer Daniel Klinedinst of the Springettsbury Township Police Department contacted Showalter later that evening. Showalter explained to Officer Klinedinst what had occurred at the store, and stated that he did in fact display the firearm to the store clerks. Showalter consented to a search of his vehicle, where the handgun in question was located.

Showalter was charged with two counts each of simple assault and harassment, and one count of disorderly conduct. At a pretrial conference, represented by Assistant Public Defender Kathryn Bellfy, Showalter indicated he wished to represent himself. The court was not satisfied that Showalter was willing to waive his right to counsel. Thereafter, at Showalter's request, the public defender filed a motion to withdraw. On February 2, 2016, the court held a hearing on the motion to withdraw and conducted a full waiver colloquy. *See* Pa.R.Crim.P. 121. The court permitted the public defender to withdraw, allowed Showalter to represent himself, and appointed Attorney Bellfy as standby counsel.

Following trial, during jury deliberations, the jury questioned whether it could consider "the demeanor of the defendant throughout the trial[.]" *Id.* at 215. The court responded affirmatively, stating, "[h]e's a party to the proceedings. They can certainly consider that throughout." *Id.* The jury convicted Showalter of two counts of simple assault,[3] and the court found him guilty of the summary offense of disorderly conduct.[4] Matthew G.

---

[3] To prove simple assault by physical menace, the Commonwealth must establish that defendant intentionally placing another in fear of imminent serious bodily injury through the use of menacing or frightening activity. **Commonwealth v. Little**, 614 A.2d 1146, 1151-1155 (Pa. Super. 1992). Intent can be proven by circumstantial evidence and may be inferred from the defendant's conduct under the attendant circumstances. **Id.** at 1154. **See also Commonwealth v. Repko**, 817 A.2d 549, 554 (Pa. Super. 2003).

[4] The court also acquitted Showalter of two counts of the summary offense of harassment.

Menges, Esquire, current counsel, entered his appearance. The court sentenced Showalter to an aggregate term of 9 to 23 months' imprisonment, followed by 12 months' probation. Post-sentence motions were filed and denied. This appeal followed.

Showalter raises the following issues for our review:

1. Was [Showalter's] waiver of counsel made voluntarily, knowingly and intelligently when [Showalter] was not advised of the permissible range of sentences and did not understand he would be bound by the same rules as an attorney?

2. Was [Showalter] prejudiced by the trial court's failure to provide the so-called *pro se* jury instruction?

3. Can [Showalter] be guilty of disorderly conduct when he was engaged in a constitutionally protected activity - the open carry of a firearm?

4. Can [Showalter] be guilty of simple assault when he did not take a substantial step toward placing the alleged victims in imminent fear of serious bodily injury?

Appellant's Brief, at 5.

Showalter first claims his waiver of his right to counsel was not voluntarily, knowingly and intelligently made. This claim is meritless.

A criminal defendant's right to counsel under the Sixth Amendment includes the right to waive that right and to represent oneself at criminal proceedings. *Faretta v. California*, 422 U.S. 806 (1975); *see also Commonwealth v. Szuchon*, 484 A.2d 1365, 1376-77 (Pa. 1984) (an accused has right to conduct own defense pursuant to Article 1, Section 9 of the Pennsylvania Constitution; in order to validly assert right to self-

representation, defendant's waiver of right to counsel must be knowing, intelligent and voluntary). The right to appear *pro se* is guaranteed as long as the defendant understands the nature of his choice. **See Faretta**, 422 U.S. at 835; **see also Commonwealth v. McDonough**, 812 A.2d 504, 508 (Pa. 2002) (concluding **Faretta** requires on-the-record colloquy in satisfaction of Pa.R.Crim.P. 121, which colloquy may be conducted by the court, the prosecutor, or defense counsel.)

Pennsylvania Rule of Criminal Procedure 121 provides the framework and minimum guidelines for the waiver colloquy to ensure that the defendant's waiver is knowing, voluntary and intelligent. **See** Pa.R.Crim.P. 121(A)(1), (2); **see also Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998). Pursuant to Rule 121, the court must ensure:

> a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
>
> b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
>
> c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
>
> d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure that counsel would be familiar with these rules;
>
> e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if those defenses are not raised at trial, they may be lost permanently, and

> f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2).

Here, at the hearing on the motion to withdraw, Assistant Public Defender Bellfy testified that she filed the motion to withdraw her representation at Showalter's request. N.T. Hearing on Motion to Withdraw, 2/23/16, at 4. Showalter sought to have Attorney Bellfy withdraw because the public defender had "just been going along with the Court and [hadn't] been representing a defense." *Id.* Despite the fact that the case was listed for trial, and the public defender had been preparing a defense, Showalter was adamant about representing himself. Showalter also complained of a conflict of interest, but was unable to cite to anything in support of that other than the fact that the "Public Defender's Office have just been going with the charges. They do not stand for the 2nd Amendment of the Constitution of the United States or the 21st Amendment.[5] They have been just looking to do away with the guns and the firearms." *Id.* at 6.

The court conducted a waiver colloquy, and explained the following to Showalter:

---

[5] The 21st Amendment repealed the 18th Amendment (Prohibition), and is clearly not relevant here.

THE COURT:  You have to understand that as standby counsel, they will not do anything unless you ask them . . . a question or to do something in particular.  Do you understand that?

THE DEFENDANT: That sounds like a good plan.

THE COURT: They will not give you any advice unless you ask for it.  Do you understand that?

THE DEFENDANT: I understand.

\* \* \* \*

THE COURT: Do you understand if you represent yourself, you are going to be bound by the same rules of law, the same evidence, rules of evidence, the same rules of procedure that an attorney would be bound by? . . . The rules of law are the laws that you are charged with. The rules of procedure are the procedures by which we conduct a trial. The rules of evidence would be the procedure by which items are introduced either against you or on your behalf during the course of the trial. Do you understand that? . . . So do you want to give up your right to an attorney at this point and just have the Public Defender's Office act as standby counsel?

THE DEFENDANT: Yes.

*Id.* at 10-17.  The court advised Showalter that he could hire private counsel, be appointed counsel if he were indigent, or represent himself.  *Id.* at 5.  The court advised Showalter of the fact that if he chose to represent himself he would be bound by the same rules of law as an attorney.  *Id.* at 12.  The court also determined that Showalter was not under the influence of anything that would interfere with his ability to understand the waiver proceeding, and that Showalter was not forced, threatened or promised anything in return for giving up his right to an attorney.  *Id.* at 12, 17-18. Showalter ultimately agreed to have the assistance of the public defender as

standby counsel, and he indicated that he understood that standby counsel would only give advice if he asked for it. *Id.* at 10.

Additionally, we find that Showalter's statements during the colloquy, that the charges were "false charges," *id.* at 4, or that he did not "understand these charges at all[,]" *id.* at 10, does not establish that he did not understand the nature of the charges against him. Showalter's statements illustrated his mistaken belief that his Second Amendment right to bear arms trumped the Pennsylvania Criminal Code in these circumstances, not his inability to comprehend the charges against him.[6] Further, at the pretrial conference, the court had read Showalter the charges against him, and explained to him that he could request a Bill of Particulars if he needed additional information about the nature of the charges. N.T. Pretrial Conference, 12/17/15, at 4-5. The trial court did acknowledge that it did not state the permissible range of sentences and/or fines for the offenses charged *verbatim*, **see** Pa.R.Crim.P. 121(A)(2)(c), but the court ensured that Showalter had access to the guidelines ranges and the

---

[6] At the sentencing hearing, the Commonwealth suggested that Showalter's crimes may have resulted from mental health issues. N.T. Sentencing, 9/1/16, at 2. Showalter's counsel responded: "I also note that Mr. Showalter has not completed a high school education and that I believe perhaps some of the issues that the district attorney's office believes stem from mental health issues may be educational deficiencies." *Id.* at 3. The court responded that, "the Defendant denies it, frankly the Court isn't sure, so we think a mental health evaluation would be appropriate in this case[.]" *Id.* at 6.

maximum sentences applicable to the offenses charged. N.T. Post-Sentence Hearing, 10/24/16, at 5; N.T. Hearing on Motion to Withdraw/Waiver Colloquy, 2/23/16, at 18.

After our review, we find the court's conclusion that Showalter knowingly, intelligently and voluntarily waived his right to counsel is supported in the record. *See Commonwealth v. Starr*, 664 A.2d 1326 (Pa. 1995); *see also Commonwealth v. El*, 977 A.2d 1158 (Pa. 2009) (where defendant knowingly, voluntarily, and intelligently seeks to waive Sixth Amendment right to counsel, trial court must allow individual to proceed *pro se*). We agree with the trial court's assessment that Showalter understood the implications of his decision to represent himself.

Next, Showalter argues that he was prejudiced because the court failed to provide the "*pro se* defendant" jury instruction, which informs a jury that a defendant has the right to represent himself, and that the attorney at the table is there for consultation only. Showalter argues this is reversible error. This issue is waived. Showalter did not object to the court's instructions to the jury, and did not ask for additional instructions even after the judge asked him if there was anything he wanted to add. *See* Pa.R.A.P. 302(b). In any event, we would find this claim meritless as well.[7]

_____

[7] The instruction at issue provides:

> Under our law, every defendant has the right to choose to be represented by a lawyer and to have the court appoint a lawyer

*(Footnote Continued Next Page)*

if the defendant cannot afford one. A defendant also, however, has the right to choose not to be represented by a lawyer and [name of defendant] has exercised that right in this case.

A defendant who exercises the right of self-representation is still bound by all rules of the court and the laws of the Commonwealth and the United States regarding the conduct of a trial.

You are not to draw any inference, favorable or unfavorable, to the defendant or to the Commonwealth because the defendant exercised the right of self-representation.

*[if appropriate, add:]*

*[Specify]*, a lawyer, will be seated at the counsel table with the defendant [or will be seated in the courtroom] and will be available at all times to advise the defendant if the defendant wishes to consult with counsel.

Pa.SSJI (Crim. 2.80), Third Edition, Vol. 1. Here, before the start of trial, the court explained to the jury that the defendant had a right to represent himself, and that he had chosen to do so. The court also stated that "Attorney Katherine Bellfy is being standby counsel if – in case he wishes to consult with anybody." N.T. Jury Trial, 7/11/16, at 29. Although the trial court did not instruct the jury that it should not draw any favorable or unfavorable inference from the fact of self-representation, which is part of the "pro se defendant" instruction, the court reasoned that the instruction is neutral and, therefore, its omission was not prejudicial. We agree. A review of the entire charge, as well as the court's comments and admonitions to the jury just prior to the start of trial, indicate there is no basis for finding an abuse of discretion or reversible error. *See Commonwealth v. Jones*, 954 A.2d 1194 (Pa. Super. 2008) (trial court commits abuse of discretion only when there is inaccurate statement of law); *see also Commonwealth v. Johnson*, 107 A.3d 52, 87–88 (Pa. 2014) ("In reviewing a challenge to a jury instruction, the entire charge is considered, not merely discrete portions thereof. The trial court is free to use its own expressions as long as the concepts at issue are clearly and accurately presented to the jury.") (citations omitted).

- 10 -

Next, Showalter argues that the evidence did not support his conviction of the summary offenses of disorderly conduct because he was engaged in constitutionally protected activity — the open carry of a firearm. He argues that the court's finding of guilt was based solely on the basis of "displaying his pistol in public."

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Bullick*, 830 A.2d 998, 1000 (Pa. Super. 2003) (quoting

*Commonwealth v. Gooding*, 818 A.2d 546, 549 (Pa. Super. 2003)).

A person is guilty of disorderly conduct "if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (4) creates a hazardous or physically offensive condition by any act which

- 11 -

serves no legitimate purpose of the actor." 18 Pa.C.S. § 5503(a)(4). As used in this section of the statute, the word "public" means

> affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public.

18 Pa.C.S. § 5503(c).

Showalter argues that since his conviction was based solely on "displaying his pistol in public," the evidence was insufficient to support a conviction for disorderly conduct. This argument ignores the context and facts of this case. The Commonwealth's evidence was sufficient to show that Showalter "alarmed" the store clerks, that he intended to do so, and that his conduct served no legitimate purpose.

Showalter also argues that his "act of open carrying a firearm not only serves a legitimate purpose, but a constitutionally protected legitimate purpose." Appellant's Brief, at 17. Again, Showalter ignores the facts of this case. He also overlooks the concept that constitutional guarantees are not absolute, and a state, in exercising its police power, can proscribe conduct in the interest of societal order and safety without infringing on constitutional rights. Just as acts and words that seriously offend the average person and put them in fear are not protected "under the cloak of the First Amendment right to free speech[,]" Showalter's actions, which placed the employees in fear and served no legitimate purpose, are not protected by the Second

Amendment. ***See Commonwealth v. Schierscher***, 668 A.2d 164 (Pa. Super. 1995). ***See also De Jonge v. Oregon,*** 299 U. S. 353, 364 (1937) ("These rights may be abused by using speech or press or assembly in order to incite to violence and crime. The people through their legislatures may protect themselves against that abuse.")

Finally, Showalter challenges the sufficiency of the evidence of his convictions for simple assault. He argues that even if he "did intentionally lift his shirt to show his firearm to the cashiers, that action alone is insufficient to cause imminent fear of serious bodily injury." Appellant's Brief, at 22. We disagree. We find, once again, that Showalter's argument disregards the facts of this case, and ignores the reality of the circumstances.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2017