J. S02014/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DONTE JACKSON, | : | No. 1656 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, May 13, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0010883-2012

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 10, 2019**

Donte Jackson appeals from the May 13, 2016 aggregate judgment of sentence of 10 to 20 years' imprisonment imposed after a jury found him guilty of aggravated assault by physical menace, possessing an instrument of crime ("PIC"), terroristic threats, and simple assault.[1]  After careful review, we affirm.

The trial court summarized the relevant facts of this case as follows:

> The victim, Courtney Smith, reported that on August 27, 2012 at approximately 1:30 p.m. she stopped at a grocery store to pick up snack food on her way to work as a City of Philadelphia Correctional Officer assigned to the City of Philadelphia Curran-Fromhold Correctional Facility located at 7901 State Road, Philadelphia, PA 19136.  As is required by her employer, she had been dressed in full uniform with her nametag properly displayed.  As she entered the

---

[1] 18 Pa.C.S.A. §§ 2702(a)(6), 907(a), 2706(a), and 2701(a), respectively.

grocery store, [a]ppellant, who was a stranger to her, came from the back of the store toward her and looked at her nametag. He immediately began yelling at her words that included, "Smith, I don't know that one," and "You got the nut-ass pepper spray. That pepper spray don't do shit for you in here. Y'all nut-ass guards think y'all something and I should shoot you right now. I'll be right back." After making repeated threats and slurs referencing her employment, [a]ppellant left the store.

When Officer Smith walked outside the store toward her vehicle that would have transported her directly to her job location, [a]ppellant reappeared from around the corner, and holding what appeared to be a black gun wrapped in a grey towel. He stopped Officer Smith from getting to her vehicle and going to work. He raised and pointed the muzzle of the gun directly at Officer Smith's torso and stated[,] "I should shoot you right now." Officer Smith stated that the gun used by [a]ppellant appeared to be real based upon her experience owning a firearm and her previous training. At the time, Officer Smith was only armed with pepper spray as per her employment directives. She escaped by jumping around him and into her vehicle. She drove away from the area and immediately called police. The next day, Officer Smith was transported *via* police vehicle to the same general vicinity of the crime and positively identified [a]ppellant, who was wearing the same gray shirt and sweat pants that he had worn during the attack.

A City of Philadelphia S.W.A.T. Officer, Aaron Willis, testified that on August 28, 2012 he had been assigned as a regular district patrol officer and had observed [a]ppellant near 56th and Race Streets in Philadelphia. Based upon the flash description of the perpetrator, which matched the appearance of [a]ppellant, Officer Willis briefly detained [a]ppellant. Officer Smith was brought to the location and unequivocally identified [a]ppellant as the perpetrator. While Officer Willis was transporting [a]ppellant in the police vehicle following the identification and arrest, [a]ppellant boastfully blurted

> "I should have killed that bitch.  When I see her again
> I'm going to murder her."

Trial court opinion, 4/30/18 at 2-3 (citations to notes of testimony omitted).

Appellant was charged with the aforementioned offenses, as well as recklessly endangering another person ("REAP")[2] and three firearms offenses, and proceeded to a jury trial on March 14, 2016.  The REAP charge was **nolle prossed** by the Commonwealth prior to trial.  On March 17, 2016, the jury found appellant guilty of aggravated assault, PIC, terroristic threats, and simple assault, and not guilty of the firearms offenses.[3]  As noted, appellant was sentenced to an aggregate term of 10 to 20 years' imprisonment on May 13, 2016.  Appellant did not file any post-sentence motions.  This timely appeal followed.[4]

Appellant raises the following issues for our review:

> A.     Was the evidence insufficient to support the guilty verdict for 18 Pa.C.S.A. § 2702(a)(6), as

---

[2] 18 Pa.C.S.A. § 2705.

[3] Specifically, the jury found appellant not guilty of persons not to possess, use, manufacture, control, sell, or transfer firearms; firearms not to be carried without a license; and carrying firearms on public streets or public property in Philadelphia.  **See** 18 Pa.C.S.A. §§ 6105(a), 6106(a), and 6108(a), respectively.

[4] Appellant and the trial court have complied with Pa.R.A.P. 1925.  We note that although represented by counsel, appellant filed a **pro se** amended Rule 1925(b) statement on January 6, 2018, raising nine additional issues. We decline to address the issues raised in appellant's **pro se** Rule 1925(b) statement, as this would constitute improper hybrid representation, and this court previously denied appellant's request to represent himself on appeal by order dated December 19, 2017, and specifically directed that appellant be represented by counsel on appeal.

the assault on the complainant did not occur "while in the performance of duty"?

B.    Did the trial court err in omitting from the verdict sheet language that specified that a violation of 18 Pa.C.S.A. § 2702(a)(6) requires the alleged victim be "in the performance of duty"?

Appellant's brief at 7.

Appellant first argues that there was insufficient evidence to sustain his conviction for aggravated assault of a corrections officer by physical menace because "the assault on [Officer Smith] did not occur 'while in the performance of duty.'" (*Id.* at 10.)  In support of this contention, appellant avers that, "when [Officer Smith] stopped to get a pretzel at the corner store/bodega, she was not on duty and was not acting in the capacity of a Corrections Officer as the bodega is not a correctional facility." *Id.* at 12.  This claim is belied by the record.

Our standard of review in assessing a sufficiency of the evidence claim is well settled.

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt.  Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence

> presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. N.M.C.*, 172 A.3d 1146, 1149 (Pa.Super. 2017) (citations omitted).

Section 2702 of the Crimes Code defines the offense of aggravated assault, in relevant part, as follows:

> **(a) Offense defined.--**A person is guilty of aggravated assault if he:
>
> . . . .
>
> (6) attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury[.]

18 Pa.C.S.A. § 2702(a)(6).

The difference between Section 2702(a)(6) and the crime of simple assault by physical menace, 18 Pa.C.S.A. § 2701(a)(3), is "the occupation of the victim." *Commonwealth v. Repko*, 817 A.2d 549, 554 (Pa.Super. 2003), *abrogated in part on other grounds by Commonwealth v. Matthews*, 870 A.2d 924 (Pa.Super.2005) (*en banc*), *affirmed*, 909 A.2d 1254 (Pa. 2006). Unlike simple assault by physical menace, the aggravated

assault subsection requires that the victim be one of 27 enumerated "officers, agents, or employees[.]" 18 Pa.C.S.A. § 2702(a)(6). An "[o]fficer or employee of a correctional institution" is one of the individuals enumerated in Subsection (c). *Id.* at § 2702(c)(9).

Viewing the evidence in the light most favorable to the Commonwealth, the verdict winner, we find that there was sufficient evidence to support the jury's conclusion that appellant committed an aggravated assault under Section 2702(a)(6) when he pointed a gun at a uniformed corrections officer who was attempting to reach her workplace. Specifically, our review of the record demonstrates that on the afternoon of August 27, 2012, appellant repeatedly threatened Officer Smith while she was inside a corner store that she had briefly entered on her way to her work at the Curran-Fromhold Correctional Facility. (Notes of testimony, 3/15/16 at 70-86.) Officer Smith was dressed in full uniform with her correctional officer nametag displayed, and appellant clearly targeted Officer Smith because she was wearing an officer's uniform. (*Id.*) Officer Smith testified that as part of the performance of her duties, she was required to dress in full uniform and carry pepper spray when going to and from the Curran-Fromhold Correctional Facility. (*Id.* at 90-92, 118-120.) Officer Smith further testified that appellant repeatedly chastised and threatened to shoot her for working at a correctional facility, stating, "Smith, I don't know that one . . . Y'all nut-ass guards think y'all something and I should shoot you right now, I'll be right back." (*Id.* at 70-86.)

The record establishes that when Officer Smith exited the store to travel directly to her workplace to begin her shift, appellant reappeared from around the corner, pointed a firearm wrapped in a towel at her, and attempted to block her from entering her vehicle. (***Id.*** at 86-92.) Contrary to appellant's contention, it is in this moment when the alleged assault under Section 2702(a)(6) occurred, not inside the corner store. It is evident from the record that appellant, through the use of menacing or frightening actions, and coupled with his prior verbal threats to Officer Smith solely because she was a corrections officer, not only intended to interfere with her performance of her duties — namely, traveling to the correctional facility to begin her shift — but actually did so by causing her to be late. (***Id.*** at 86-92, 118-120.)[5]

Based on the foregoing, appellant's contention that there was insufficient evidence to sustain his conviction for aggravated assault under Section 2702(a)(6) must fail. ***See***, ***e.g.***, ***Commonwealth v. McFadden***, 156 A.3d 299, 307-308 (Pa.Super. 2017) (finding that there was sufficient evidence to support appellant's conviction for the aggravated assault of a uniformed city school crossing guard who was standing on her assigned street corner and performing her job tasks), ***appeal denied***, 170 A.3d 993 (Pa. 2017); ***Repko***, 817 A.2d at 554 (pointing a gun at an officer constitutes an

---

[5] The record reflects that when appellant was apprehended the following day, he acknowledged to Philadelphia S.W.A.T. Officer Aaron Willis that, "I should have killed that bitch. When I see her again I'm going to murder her." (Notes of testimony, 3/15/16 at 9-16, 90-98.)

attempt by physical menace to place the officer in fear of imminent serious bodily injury).

Appellant's next claim is that the trial court abused its discretion "in omitting from the verdict sheet language that specified that a violation of [Section] 2702(a)(6) requires the alleged victim be 'in the performance of duty.'" (Appellant's brief at 14.) Appellant contends that the trial court's failure to specify this element of aggravated assault on the written verdict sheet was "unduly prejudicial" and "misleading" to the jury. (*Id.*) This claim is meritless.

Contrary to appellant's contention, there is no explicit requirement that the trial court set forth each element of the charged offenses on the written verdict sheet submitted to the jury. Here, the record reveals that the verdict sheets utilized by the trial court in this matter simply identified the crimes for which appellant was charged, as the trial court did not want to "place any undue emphasis on any element of any particular offense by inserting additional verbiage on the verdict sheet." (Trial court opinion, 4/30/18 at 13.) The record further reflects that the trial court adequately instructed the jury on the elements of each of these charged offenses at the close of evidence. With regard to the aggravated assault charge, the trial court gave the following instruction to the jury:

> Now, the next charge is A6, attempt to put
> enumerated official in fear. Let me explain it to you.
> To find [appellant] guilty of this offense, you must find
> all of the following elements have been proven beyond

a reasonable doubt: Number one, [appellant] attempted to put Correctional Officer Courtney Smith in fear of imminent serious bodily injury. Fear of imminent serious bodily injury means fear of an impairment of physical or -- I'm sorry. Strike that. It means fear of an impairment of physical condition that would create a substantial risk of death or that would cause serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ.

In order to find that [appellant] attempted to put this victim in fear of imminent serious bodily injury, you must find that he engaged in conduct which constituted a substantial step toward causing such fear. An act is a substantial step if it is a major step toward commission of the crime and one that strongly corroborates your belief that [appellant] at the time he acted had that firm intent to put that victim in fear of that sort of injury. An act can be a substantial step even though other steps would have to be taken before the crime could actually be carried out.

Number two, that [appellant] did so by use of physical menace. By that I mean [appellant] did some physical act that was menacing or frightening. Third, that [appellant's] conduct in this regard was intentional. In other words, it was his conscious object or purpose to cause fear of imminent serious bodily injury to this victim. **And, fourth, at the time of [appellant's] actions this victim was acting in the performance of her duty as a correctional officer.**

Notes of testimony, 3/16/16 at 137-138 (emphasis added).

"It is well settled that the jury is presumed to follow the trial court's instructions." ***Commonwealth v. Cash***, 137 A.3d 1262, 1280 (Pa. 2016) (citation omitted), ***cert. denied***, ___ U.S. ___, 137 S.Ct. 1202 (2017). Here, appellant has failed to offer any evidence establishing that the jury failed to

do so in the instant matter.  Accordingly, we discern no abuse of discretion on the part of the trial court in electing not to set forth every element of the charged offenses on the written verdict sheet.

For all the foregoing reasons, we affirm the trial court's May 13, 2016 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/19