J-S77004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TORY XAVIER SHUMAN, | |
| Appellant | No. 962 MDA 2017 |

Appeal from the Judgment of Sentence Entered April 12, 2017
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001569-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 01, 2018**

Appellant, Tory Xavier Shuman, appeals from the judgment of sentence of one to twelve months' incarceration, imposed after he was convicted by a jury of simple assault, 18 Pa.C.S. § 2701, and recklessly endangering another person (REAP), 18 P.C.S. § 2705.  Appellant seeks to challenge the sufficiency of the evidence to sustain his conviction of simple assault.  Additionally, Appellant's counsel, Kent D. Watkins, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

---

[*] Former Justice specially assigned to the Superior Court.

Appellant was convicted of the above-stated charges following a jury trial on February 6, 2017. On April 12, 2017, he was sentenced to 1 to 12 months' incarceration for his simple assault offense. His conviction for REAP merged for sentencing purposes. Appellant filed a timely notice of appeal from the imposition of his sentence. On May 19, 2017, the court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely complied with that order, filing a concise statement that raised the following claim: "There was insufficient evidence of intent to support a finding of simple assault. The verdict is contrary to law." Rule 1925(b) Statement, 6/13/17, at 1 (single page). On June 28, 2017, the trial court filed a Rule 1925(a) opinion.

On September 26, 2017, Attorney Watkins filed with this Court an "Application to Withdraw As Counsel," as well as a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). A **Turner/Finley** no merit letter is the proper filing where counsel seeks to withdraw on appeal from the denial of post-conviction relief; however, where, as here, counsel seeks to withdraw on direct appeal, he or she must comply with the more stringent dictates of **Anders/Santiago**. **See Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011). Consequently, on October 4, 2017, this Court issued an order directing Attorney Watkins to comply with **Anders/Santiago** by filing a brief referring to any issues that might arguably support Appellant's appeal.

- 2 -

On November 2, 2017, Attorney Watkins filed an **Anders** brief. Thereafter, upon reviewing the record in this case, we ascertained that counsel had not filed a proof of service demonstrating that he had served Appellant with his petition to withdraw and **Anders** brief. Accordingly, on February 22, 2018, this Court filed a memorandum decision directing Attorney Watkins to file that proof of service. On April 6, 2018, counsel complied with that order, demonstrating that he has provided Appellant with a copy of the pertinent documents via first class mail.

Thus, we will now review whether Attorney Watkins has satisfied the other requirements for withdrawal. Our Court has explained those requirements, as follows:

> Prior to withdrawing as counsel on a direct appeal under **Anders,** counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago,** 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

- 3 -

> *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied the technical requirements of *Anders/Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Watkins' *Anders* brief substantially complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, and he refers to portions of the record that could arguably support Appellant's claim. While Attorney Watkins does not specifically state in his *Anders* brief that Appellant's appeal is frivolous, his discussion of why Appellant's sufficiency-of-the-evidence challenge fails is adequate to convey that counsel has made a determination of frivolity. Counsel also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Again, as discussed, *supra*, Attorney Watkins has filed a proof of service demonstrating that he has sent Appellant copies of the *Anders* brief and his petition to withdraw. In counsel's petition to withdraw, he advises Appellant of the rights enumerated in *Nischan*. Accordingly, we conclude that counsel has substantially complied with the technical requirements for withdrawal.

We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues

- 4 -

he could pursue on appeal.  First, we set forth our well-settled standard of review:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. **Commonwealth v. Moreno**, 14 A.3d 133 (Pa. Super. 2011).  Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. **Commonwealth v. Hartzell**, 988 A.2d 141 (Pa. Super. 2009).  The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. **Moreno, supra** at 136.

**Commonwealth v. Koch**, 39 A.3d 996, 1001 (Pa. Super. 2011).

Here, Appellant contends that the Commonwealth failed to present sufficient evidence to sustain his conviction of simple assault, defined as follows:

> **(a) Offense defined.--** Except as provided under section 2702 (relating to aggravated assault), a person is guilty of assault if he:
>
> …
>
> (3) attempts by physical menace to put another in fear of imminent serious bodily injury[.]

18 Pa.C.S. § 2701(a)(3).

According to Appellant, the Commonwealth did not demonstrate that he had the intent to place the victim in fear of serious bodily injury.  The record clearly belies this claim.  As the trial court summarizes:

> At trial, Alberto Rosario testified that [Appellant] invited Willie Velazquez to fight and then took out a pistol and said, "Look what I have for you."  Velazquez then retreated into his house followed by [Appellant,] who pointed his gun at Velazquez's head. (N.T.[, at] 14[-1]6).

- 5 -

Magali Serrano testified that she saw [Appellant] point a gun at Velazquez's face, cock the weapon, and tell Velazquez that he was going to blow his head off. ([*Id.* at] 22-24).

Velazquez testified that [Appellant] pointed a gun at his face, followed him into [his] house, and threatened to blow his head off. ([*Id.* at] 32).

Trial Court Opinion, 6/28/17, at 2.

In light of the testimony of these three witnesses, the Commonwealth's evidence was clearly sufficient to prove that Appellant intended to place Velazquez in fear of serious bodily injury when he pointed a gun at Velazquez's head, cocked the weapon, and threatened to "blow [Velazquez's] head off." N.T. at 32. "[T]he act of pointing a gun at another person [can] constitute simple assault as an attempt by physical menace to put another in fear of imminent serious bodily injury." **Commonwealth v. Reynolds**, 835 A.2d 720, 726 (Pa. Super. 2003) (citation omitted). In **Reynolds**, this Court held that Reynold's act of "pointing [a] gun at the victims and threatening their lives" was sufficient evidence of "his intent to place the victims 'in fear of imminent seriously bodily injury through the use of menacing or frightening activity.'" **Id.** at 727 (quoting **Commonwealth v. Repko**, 817 A.2d 549, 554 (Pa. Super. 2003)). Pursuant to **Reynolds**, we conclude that Appellant's conduct in the present case was sufficient to demonstrate that he intended to place Velazquez in fear of imminent serious bodily injury.

Therefore, we agree with Attorney Watkins that the issue Appellant seeks to raise on appeal is frivolous. Additionally, our independent review of the record does not reveal any other, non-frivolous claims that Appellant could

raise herein. Consequently, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judge Lazarus joins this memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/01/2018